**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60971
Summary Calendar

MUHAMMAD FARHAN HANIF KHAN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 833 798

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Muhammad Farhan Hanif Khan, a native and citizen of Pakistan, has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's decision denying his application for withholding of removal. This court applies the substantial evidence test in reviewing factual findings in immigration proceedings. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The petitioner has "the burden

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

An applicant for withholding of removal bears the burden of proving that his life or freedom would be threatened on account on one of the five protected grounds in the proposed country of removal. *See* 8 C.F.R. § 1208.16(b). He "must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). He must show "that it is more likely than not that [his] . . . life or freedom would be threatened by persecution on account of" a protected ground. *Id.* Persecution cannot be based upon "mere denigration, harassment, and threats." *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

In support of his contention that the record compels the conclusion that he suffered past persecution, Khan points to: (1) gunfire at a Muhajir Quami Movement (MQM) political rally he attended in 1990 that resulted in an injury to another party member; (2) threatening telephone calls advising him to quit his political activities or be killed; and (3) adverse conditions described in State Department human rights reports. With respect to the violence at the rally, Khan's argument assumes that the party member was injured by the gunfire. In his testimony, however, Khan stated only that a party member was injured, not that he was injured by gunfire. Khan did not state that he had any reason to believe that the gunfire was aimed at him personally and he could not identify or describe the shooters, much less their motivation for shooting. As to the threats, Khan again embellishes his testimony in his brief. Khan stated only that the callers who made threatening phone calls to him at the MQM offices called him a "foreigner" and stated that Pakistani natives had first claim to employment and public accommodations. Khan complained also that false charges were lodged against him and other party members and that the police would harass them because of the false charges.

These complaints of harassment do not compel the conclusion that Khan was the victim of persecution. *See Eduard*, 379 F.3d at 188. Although Khan stated that MQM members had been killed, Khan never stated in his testimony that he was threatened personally with death because of his political activities. Khan did not testify that he was threatened after he moved to a new community and discontinued his political activities. He did not state that he came to this country to avoid political and ethnic persecution. Khan has failed to show that the record compels the conclusion that he is the victim of past persecution on the basis of his political activities or ethnicity. *See id.*

Khan points to the same facts in arguing that the record compels the conclusion that he has a reasonable fear of future persecution. Khan argues that he "has already had his life endangered by gunfire at the hands of anti-MQM elements, and numerous threatening phone calls advising him to quit his political activities or face death." This statement is not supported by the record. Khan argues, "The authorities are apparently either unable or unwilling to protect" him. The only evidence on this point was Khan's vague testimony about false accusations by the police, whom he contended were in league with his political adversaries, which did not result in charges or imprisonment. Khan contends, without citation, that the State Department country reports "make clear that the persecutors in rival political parties [act] with virtual impunity—virtually no action is taken on complaints of abuse by political party activists. Indeed, such complaints can frequently result in threats against the complainant." These arguments do not compel the conclusion that Khan has a reasonable fear of future persecution, as Khan testified that his political activism ended in 1992.

Because the BIA's dismissal of Khan's appeal was supported by substantial evidence and because Khan has not shown that the record compels a contrary conclusion, *see Chen*, 470 F.3d at 1134, the petition for review of the BIA's decision is DENIED.